## Commonwealth v. Heil.

*Criminal law—Fraudulent conversion—Failure to show title in prosecutor —New trial—Act of May 18, 1917.*

1. A conviction under an indictment charging the fraudulent conversion of money alleged to be the property of A will be set aside and a new trial granted, where the evidence fails to show that title to the money was ever in A.

2. The Act of May 18, 1917, P. L. 241, is not to be so applied as to make it an effective substitute for an action at law in the collection of a debt.

Rule for new trial and in arrest of judgment. Q. S. Berks Co., March Sessions, No. 148.

*Harry W. Lee* and *George W. Manderback*, for defendant and rules.

*George Eves*, for Commonwealth.

SCHAEFFER, P. J., July 6, 1926.—The defendant was indicted and convicted of the fraudulent conversion of the sum of $980, alleged to be the property of D. W. Dietrich, or which the said D. W. Dietrich was entitled to receive and have. The defendant, contending that the defendant had retained no money which, under the evidence, could be held to be the property of Dietrich or which Dietrich was entitled to receive and have, has now filed motions in arrest of judgment and for a new trial.

The prosecutor had leased to the defendant a certain truck for the use of which the defendant agreed to pay certain stipulated rentals. As the defendant defaulted in the payment of the stipulated rentals, the prosecutor threatened to repossess the truck, but instead of doing so, accepted from the defendant a writing to the following effect:

"Reading, Pa., September 17, 1924.

"I hereby agreed this 17th day of September, 1924, that from this day on, to deliver to the 9th & Exeter Garage all money the Mack 2½ ton dump truck earns; until my lease is paid off in full, which is held by the 9th & Exeter Garage. I herein agree that I will absolutely not use this money for any other purpose but to pay the notes which will fall due.

"(Signed) CHAS. H. HEIL."

The defendant subsequently employed the truck in doing certain work for others and received in payment certain sums of money, none of which he paid or delivered to the prosecutor. Did his failure to do so render him guilty of fraudulent conversion under the Act of May 18, 1917, P. L. 241?

The money, charged as having been converted, was the property of neither the prosecutor nor the defendant at the time of the agreement of Sept. 17, 1924; the amount of future earnings of the truck and the persons from whom they would be earned were then unknown. The defendant received the money in his own right and not as the bailee of the prosecutor. Title to the earnings never vested in the prosecutor. The defendant is not charged with the conversion of the truck leased to him by the prosecutor nor of "the proceeds or any part of the proceeds, derived from the sale or other disposition" of the truck. It was not the purpose of the legislature by this act to make the breach of contract a crime; the act refers only to the conversion of property or the proceeds thereof derived from sale or other disposition of the property where such property belongs to another: Com. *v.* Bixler, 79 Pa. Superior Ct. 295. It is not to be so applied as to make it an effective substitute for an action at law in the collection of a debt: Com. *v.* Hillpot, 84 Pa. Superior Ct. 454. The Commonwealth having failed to show that title to the money was ever in the prosecutor, the defendant was entitled to the direction of a verdict of not guilty.

And now, July 6, 1926, the rule for a new trial is made absolute.

From Charles K. Derr, Reading, Pa.